**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOMASZ ZYGMUNT, | Civil Action No. 10-2486 (FLW) |
| Plaintiff, | |
| vs. | |
| CHERYL FULMER, | **OPINION** |
| Defendants. | |

**WOLFSON, United States District Judge:**

Presently before the Court is a motion by Defendant Cheryl Fulmer ("Defendant") to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). This case arises from a Complaint filed by Plaintiff pro se Tomasz Zygmunt ("Plaintiff"). Although the Complaint itself is difficult to comprehend, based on documents attached to the Complaint, the Court understands that Plaintiff is attempting to enjoin Defendant's demand, in her official capacity as Acting Director of the Division of Taxation for the State of New Jersey, for underpayment of state income tax. Defendant moves to dismiss the Complaint, asserting various grounds for dismissal. Because the Court finds that it has no subject-matter jurisdiction over this case, Defendant's motion is granted.

**I.  Factual Background**

At the outset, the Court notes that the Complaint is mostly incomprehensible and poorly organized, with references to international law, admiralty, and agents of foreign governments, even though no issues of admiralty and no presence of foreign nationals appear to

be involved.  However, based on documents that the Plaintiff attached to his Complaint, the Court understands that Plaintiff's grievance arises from a single demand for underpayment of state income tax by Defendant, who is the Acting Director of the Division of Taxation, Department of Treasury, the State of New Jersey.  Indeed, as noted by Judge Coogan of the Eastern District of New York, from where this case was transferred, "[w]hile most of the complaint consists of nonsensical claims, plaintiff attaches documents indicating that he challenges that collection of taxes by the State of New Jersey based on plaintiff's employment in Jersey City, New Jersey."  Transfer Order, Docket # 3.  Thus, despite the Complaint's ramblings, in order to decide the instant motion, the Court will attempt to discern and recount the relevant facts from the Complaint and the exhibits attached thereto, and will assume all cognizable facts as true.  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008) (when reviewing a motion to dismiss, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.").

     As evidenced by Plaintiff's stated address on the Complaint, Compl. at 9, the address on his W-2 form, id. at 19, and the fact that Plaintiff filed a non-resident income tax form with the State of New Jersey, id. at 12,  Plaintiff is a resident of the State of New York.  During 2009,  Plaintiff appears to have been employed by DB Securities Services NJ, Inc., a New Jersey company based in Jersey City, New Jersey.  Id. at 19.  Indeed, Plaintiff filed a 2009 non-resident state income tax return with the State of New Jersey, claiming that he received $40,583 in wages in the year of 2009 from New Jersey sources.  Id. at 12.  Initially, the State of New Jersey issued Plaintiff a tax refund in the amount of $2,365 based on the information

provided in his tax return. Id. at 33. However, Plaintiff's W-2 form reported that he had earned $100,241.97 from his employer in 2009. Id. at 19. Upon discovery of Plaintiff's true income for 2009, Defendant appears to have sent Plaintiff a notice of underpayment demanding payment of back taxes. Id. at 10.

Subsequently, on May 3, 2010, Plaintiff filed a Complaint against Defendant Fulmer in the Eastern District of New York. By Order of the Honorable Judge Coogan of the Eastern District of New York, this case was transferred to the District of New Jersey on May 14, 2010. Thereafter, on July 15, 2010, Defendant filed the instant motion to dismiss.[1]

**II.      Discussion**

At the outset, the Court must determine whether it has jurisdiction over this case. Although Defendant has moved to dismiss this case on any number of grounds, the Court need not address Defendant's well-reasoned arguments; because the instant action appears to have arisen from an attempt to collect taxes under state law, and thus, this Court is barred from asserting jursidiction by the Tax Injunction Act of 1937 ("TIA").

Under the TIA, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA "embodied Congress' decision to transfer jurisdiction over a class of substantive federal claims from the federal district courts to the state courts, so long as state-court procedures were plain, speedy

---

[1] The Court notes that Plaintiff did not file any formal opposition to Defendant's Motion to Dismiss. Moreover, while Plaintiff did file numerous letters with the Court during the pendency of Defendant's motion, none of these letters addressed the substance of Defendant's motion.

and efficient." Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 515 n.19 (1981) (internal quotations omitted). A state remedy will be sufficient if it "provides the taxpayer with a 'full hearing and judicial determination' at which [the taxpayer] may raise any and all constitutional objections." Hardwick v. Cuomo, 891 F.2d 1097, 1105 (3d Cir. 1989). Courts, including this Court, have held repeatedly that New Jersey does provide adequate state remedy in this context. See Gussin v. Ely, No. 08-3723, 2009 WL 5205993, at *4 (D.N.J. Dec. 29, 2009); Frybarger v. N.J. Dep't of Treasury, No. 05-4648, 2006 WL 3827331, at *4 (D.N.J. Dec. 27, 2006); Reagle v. Elliott, 80 F. App'x 737, 738 (3d Cir. 2003).

In the instant case, Plaintiff does not allege that New Jersey does not provide an adequate state remedy to adjudicate his claims; indeed, Plaintiff did not attempt to resolve the matter within the state, and, instead, initiated this case by filing a Complaint in the United States District Court for the Eastern District of New York. While the Court has carefully reviewed the Complaint for any other cause of action Plaintiff may have tried to assert, the only cognizable claim appears to be the wrongful collection of taxes. As the TIA makes clear, the Court is prohibited from enjoining Defendant or the State of New Jersey from their tax collection activities. As such, the Court lacks jurisdiction over this matter, and pursuant to Fed. R. Civ. P. 12(h)(3), the Court will dismiss the action.

**III.    Conclusion**

For the foregoing reasons, Defendant's motion is **GRANTED**, and the Complaint is DISMISSED. **An appropriate Order shall follow.**

Dated: January 3, 2011                                         /s/ Freda L. Wolfson
                                                               Freda L. Wolfson, U.S.D.J.